**STATE OF WEST VIRGINIA**

**SUPREME COURT OF APPEALS**

**ASPLUNDH TREE EXPERT COMPANY**
**Employer Below, Petitioner**

**vs.)** **No. 20-0408** (BOR Appeal No. 2055050)
(Claim No. 2018016734)

**ITALI WOLFE,**
**Claimant Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Asplundh Tree Expert Company, by Counsel Melissa M. Stickler, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Itali Wolfe, by Counsel Stephen P. New and Amanda J. Taylor, filed a timely response.

The issue on appeal is compensability. The claims administrator rejected the claim on January 23, 2018. The Workers' Compensation Office of Judges ("Office of Judges") reversed the decision in its January 16, 2020, Order, and held the claim compensable for two transverse process fractures at L1 and L2. The Order was affirmed by the Board of Review on May 21, 2020.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W. Va. Code § 23-5-15, in relevant part, as follows:

> (b) In reviewing a decision of the board of review, the supreme court of appeals shall consider the record provided by the board and give deference to the board's findings, reasoning and conclusions[.]

1

(d) If the decision of the board effectively represents a reversal of a prior ruling of either the commission or the Office of Judges that was entered on the same issue in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of constitutional or statutory provisions, is clearly the result of erroneous conclusions of law, or is so clearly wrong based upon the evidentiary record that even when all inferences are resolved in favor of the board's findings, reasoning and conclusions, there is insufficient support to sustain the decision. The court may not conduct a de novo re-weighing of the evidentiary record.

*See Hammons v. W. Va. Off. of Ins. Comm'r*, 235 W. Va. 577, 582-83, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. West Virginia Office Insurance Commission*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a de novo standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. W. Va. Off. of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

Ms. Wolfe, a groundman, was injured when she slipped while climbing out of a truck and fell on her back on December 6, 2017. Treatment notes from Summersville Regional Medical Center that day indicate Ms. Wolfe sought treatment after she fell ten feet from a bucket truck and landed on her back on a piece of wood. She was diagnosed with L1-2 transverse process fracture with displacement. An abdominal/pelvic CT scan showed no evidence of acute posttraumatic changes. A lumbar CT scan showed right L1 and L2 transverse fractures with some displacement. Ms. Wolfe was instructed to remain off of work until her next follow up.

The Employees' and Physicians' Report of Injury, completed on December 7, 2017, indicates Ms. Wolfe was injured when she fell from a truck and landed on her back on blocks of wood. The injury was listed as transverse process fractures of L1 and L2. The claims administrator rejected the claim on January 23, 2018.

Noah Bragg, groundman for the employer, stated in a July 26, 2018, affidavit that he witnessed Ms. Wolfe's fall. Ms. Wolfe slipped on a step that was about four inches off of the ground. After the fall, Ms. Wolfe stated that she was fine. She did no more work that day. Bobby Moody was onsite and offered to take Ms. Wolfe to the doctor. Mr. Bragg stated that he had seen Ms. Wolfe twice since her accident and she did not move as if she was in pain while walking, loading groceries, or getting in and out of her lifted truck. Further, Ms. Wolfe indicated in the past that she was hurt at home prior to December 6, 2017.

Dany Parker stated in a July 26, 2018, affidavit that he is a general foreman for the employer. On December 6, 2017, he got a call from Mr. Moody who informed him that Ms. Wolfe had fallen and was injured. Mr. Parker went to the jobsite and spoke to Ms. Wolfe. He offered to take Ms. Wolfe to the hospital and informed her that in addition to treatment, she would be drug tested in accordance with company policy. Ms. Wolfe then informed Mr. Parker that she was injured at home and would like to leave for the day. Later that day, Mr. Parker received a text message from Ms. Wolfe stating that she broke two vertebrae at work that day. Mr. Parker met with Ms. Wolfe that evening and Ms. Wolfe gave him a work excuse stating she was to be off for

two weeks. Mr. Parker spoke with the witnesses to the injury. Mr. Bragg stated that Ms. Wolfe slipped from the bottom step of the truck and stated that she hurt her wrist. Mr. Parker also spoke with Sammy Roy who informed him that Ms. Wolfe had filed a claim for benefits. Mr. Roy said that Ms. Wolfe denied ever speaking to or texting Mr. Parker regarding the injury.

Ms. Wolfe completed an affidavit on November 6, 2019, in which she stated that she was injured on December 6, 2017, when she slipped while climbing out of a truck and fell on her back. Ms. Wolfe asserted that her coworker, Noah Bragg, witnessed the injury and retrieved Ms. Wolfe's boss. Bobby Moody was also on the scene. The injury resulted in a lot of pain, so Ms. Wolfe was given a ride to the hospital that day because she was unable to drive herself. Ms. Wolfe stated that she texted Dany Parker and informed him that she broke two vertebrae in her back at work that day. Mr. Parker informed Ms. Wolfe that she needed to say that she was injured while at home and instructed her to send him a statement saying such. Ms. Wolfe sent the statement to Mr. Parker because she feared losing her job. While at the hospital, Ms. Wolfe completed a Report of Injury indicating that the injury occurred at work. Ms. Wolfe received two doctor's excuses, one excusing her from work for a week and the other excusing her until after her next follow-up. Ms. Wolfe asserted that she gave both excuses to Mr. Parker, but he claimed that he only received the first one.

Ms. Wolfe testified in a deposition on November 9, 2018, that she fell from the bucket of a truck and injured her back. The fall was two to three feet. She sought treatment and texted Mr. Parker that she was injured at work. Ms. Wolfe denied any prior back injuries. Ms. Wolfe stated that Mr. Parker told her to send him a text stating that her injury occurred at home and she did so because she feared being fired if she did not. Ms. Wolfe stated that she has not been fired or quit her job, but she also has not returned to work since January 3, 2018, and has not heard from the employer since that date. Her insurance was terminated at the end of January 2018. Ms. Wolfe has been unable to seek further medical treatment and has been unable to return to work.

Mr. Parker testified in an October 29, 2019, deposition that Ms. Wolfe was not injured on the job. Ms. Wolfe specifically told Mr. Parker that she was injured at home, and she asked to leave. Mr. Parker stated that Sammy Roy told him to get a statement from Ms. Wolfe to cover the company, and Ms. Wolfe sent a text saying she was not injured at work. Mr. Parker also testified that before she got to the company parking lot, and before she went to the doctor, Ms. Wolfe texted him stating that she was injured at home. Mr. Parker stated that Ms. Wolfe did not allege a work injury at any time before she was treated. Ms. Wolfe has made no attempt to return to work. Mr. Parker asserted that the step from which Ms. Wolfe fell is roughly four inches off of the ground.

In its January 16, 2020, Order, the Office of Judges reversed the claims administrator's denial of the claim and held the claim compensable for two transverse process fractures at L1 and L2. It found that Ms. Wolfe sought treatment the day of the injury and completed a Report of Injury stating that she injured her back when she fell from her truck and landed on her back. She was diagnosed with transverse process fractures at L1 and L2. Ms. Wolfe stated in an affidavit that Noah Bragg witnessed the fall. Ms. Wolfe asserted in the affidavit that she reported the injury to her general foreman, Mr. Moody, and Mr. Parker was called. Ms. Wolfe texted Mr. Parker after she was diagnosed with two vertebrae fractures. Ms. Wolfe asserted that Mr. Parker later called

and told her to text him a message saying she was injured at home. Ms. Wolfe did so in fear for her job. The Office of Judges found Ms. Wolfe's affidavit to be reliable and consistent with her statements throughout the record.

Regarding Mr. Parker's testimony, the Office of Judges found that he testified at deposition that Ms. Wolfe initially told him that she was injured at home and then switched her story and filed a claim. In his affidavit, however, Mr. Parker stated that Mr. Moody called him and stated that Ms. Wolfe was injured. The Office of Judges further found that Mr. Parker asserted in his statement that Ms. Wolfe initially told him that she fell but changed her story after he told her she would be drug tested. However, Mr. Parker did not testify regarding the alleged conversation. Lastly, though Mr. Parker said in his affidavit that Mr. Bragg stated Ms. Wolfe initially reported wrist pain, such statement is not supported by Mr. Bragg's own affidavit or the medical records. The Office of Judges concluded that Mr. Parker's deposition and affidavit were unreliable.

The Office of Judges found that the medical evidence shows that Ms. Wolfe has transverse process fractures at L1 and L2. Ms. Wolfe testified that she was in a lot of pain after her fall. Though she drove to work, she was unable to drive herself to the hospital. Therefore, statements that Ms. Wolfe was injured at home were found to be less reliable than Ms. Wolfe's testimony. The Office of Judges noted that Mr. Bragg stated in his affidavit that he saw Ms. Wolfe fall and heard her say that she was in pain. The Office of Judges concluded that Ms. Wolfe met her burden of proof showing that she was injured in the course of and resulting from her employment. It therefore held the claim compensable for transverse process fractures at L1 and L2. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on May 21, 2020.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. For an injury to be compensable it must be a personal injury that was received in the course of employment, and it must have resulted from that employment. *Barnett v. State Workmen's Comp. Comm'r*, 153 W. Va. 796, 172 S.E.2d 698 (1970). While some of the employer's witnesses gave conflicting statements, Ms. Wolfes's account of her injury is consistent throughout the record and consistent with the medical evidence. Ms. Wolfe has met her burden of proof showing that she was injured in the course of and resulting from her employment.

Affirmed.

**ISSUED: September 22, 2021**

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton

4